
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLINDA ERNI KAUROW, | No.  14-71807 |
| Petitioner, | Agency No. A096-144-531 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2017[**]
Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Marlinda Erni Kaurow, a native and citizen of Indonesia, petitions for

review of a final order of removal from the Board of Immigration Appeals (BIA).

The BIA dismissed Kaurow's appeal of an immigration judge's (IJ's) order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying her applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The IJ and BIA denied Kaurow's applications for asylum and withholding of removal because: (1) her encounters with the Muslim political party did not rise to the level of past persecution; and (2) she failed to show an individualized risk of future persecution under the disfavored group analysis. Kaurow argues that neither finding is supported by substantial evidence. We disagree.

"Persecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003)). Kaurow testified that members of the Muslim political party hit her car with their hands while shouting "Kill Christians!" when she drove by a political demonstration. But she was able to drive away unharmed. Around the same time, rioters threw rocks at her house, broke a window, and again shouted "Kill Christians!" but neither she nor any of her family members were injured. These encounters are insufficient to compel a finding of past persecution. *See id.* at 1059–60 (holding the record did not compel a finding of past persecution where the petitioner was "accosted by a threatening mob while his family was driving,"

among other discriminatory acts); *see also Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009) (same where petitioner "was beaten by a mob of rioters"); *Singh v. INS*, 134 F.3d 962, 969 (9th Cir. 1998) (same where petitioner alleged "that people threw rocks at her house, damaged some of her property, [and] burglarized her home").

The record also does not compel the conclusion that Kaurow established a well-founded fear of future persecution under the disfavored group analysis. Kaurow failed to demonstrate an "individualized risk of being singled out for persecution" as a Christian Indonesian. *See Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004). The attacks on her car and house took place during the 1998 riots in Indonesia. The rioters did not specifically refer to her by name, and she offered no evidence that she was targeted on an ongoing basis. *Cf. id.* at 927–28. Kaurow remained in Indonesia for four years after the attacks without further incident. Substantial evidence supports the BIA's decision that Kaurow failed to show she "has been individually targeted, or is likely to be individually targeted," because she is Christian. *See Halim*, 590 F.3d at 979.

2. Kaurow also argues that the IJ and BIA erred by treating her and her son's asylum applications inconsistently. Kaurow did not raise this issue before the BIA. "[W]e have jurisdiction to review a final order of removal and the issues

raised in a petition for review only if 'the alien has exhausted all administrative remedies available to the alien as of right.'" *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) (quoting 8 U.S.C. § 1252(d)(1)). "A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Because Kaurow's challenge to the IJ's decision did not give the BIA notice and an opportunity to correct any error related to the alleged inconsistency, Kaurow failed to exhaust this claim.

**PETITION DENIED.**